# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4029-01-CR-C-NKL |
| | ) | |
| DAVID ELBY SHAFER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. R. 22.

Before this court is defendant's September 14, 2005, motion to suppress and quash arrest warrant. The Government has responded in opposition to the motion. A hearing was held on the motion on December 19, 2005. At the hearing, defendant's motion to suppress was withdrawn by defense counsel on all issues except those portions of the motion challenging consent to search defendant's residence and briefcase.

*Facts*

On June 9, 2005, defendant Shafer was arrested on an arrest warrant issued by the undersigned based on an indictment by a grand jury in the Western District of Missouri.

Defendant was located by federal agents in the driveway area of one of his residences in Corpus Christi, Texas. Defendant was taken into custody and was read his Miranda rights, which defendant stated he understood. Defendant voluntarily agreed to be interviewed and was placed in a vehicle to be transported to the police department. During his transport, IRS Agent Jeff Thomas began interviewing defendant. During the interview, defendant advised Agent Thomas that he had documents which would support his position with regard to the financial questions Thomas was asking. Defendant advised Agent Thomas that he would provide such documents to them and that they were located in a briefcase at the residence where he had just been arrested.

Based upon the assertions of defendant, the agents turned the vehicle around and proceeded to defendant's residence in order to obtain the documents. Upon arrival at the residence, an agent made entry into the residence through a front window, upon suggestion of defendant, because defendant's keys had been previously locked inside the residence. When the agent made entry through the window, immediately located by the front door, the agent unlocked the front door and defendant and the two other agents made entry. The agents followed defendant's direction to the back room to obtain the briefcase containing the documents.

Defendant's motion to suppress argues that he did not give the agents consent to enter his residence or to seize the contents of his briefcase.

*Discussion*

The Fourth Amendment to the United States Constitution protects persons from unreasonable searches and seizures by Governmental authorities. United States v. Fleck, 413 F.3d 883, 891 (8th Cir. 2005). Generally, for a search to be reasonable, a warrant is required. Id. However, a consent to search is an exception to the general Fourth Amendment warrant requirement. Id. A consent to search is valid if it is voluntarily given. Id. Determination as to whether a consent is voluntary is based upon the totality of circumstances in a particular case. Id. at 892.

In the instant case, upon consideration of the totality of circumstances, the court finds defendant voluntarily gave consent to the search. The credible testimony of IRS Agent Thomas indicates that defendant voluntarily gave consent for the agents to enter his residence for the purpose of obtaining the financial documents contained in his briefcase. The mere fact that the agents would not allow defendant to enter the residence alone, for obvious safety reasons, does not negate consent. The credible evidence is that when defendant became aware of the restriction that he could not enter alone, he still clearly authorized the entry into his residence and, in fact, directed the officers to an open window from which they could make entry.

The credible evidence further indicates that defendant led agents to the location of his briefcase within the residence, and consented to Agent Thomas' seizure of all the documents in the briefcase. Although defendant was not allowed to personally empty the contents of

the briefcase, because he was handcuffed for safety reasons, defendant was immediately present when the contents of the briefcase were emptied. The credible evidence is that despite the suggestion by Agent Thomas that he take only the relevant financial documents, defendant advised he wanted everything kept together in the briefcase which Agent Thomas was seizing.

The credible evidence indicates that the agents respected the limited scope of defendant's consent to search, and limited their search of the residence only to the briefcase at issue. Despite numerous guns and a weight scale, which could indicate drug activity within the residence, in plain view, agents did not seize any such items, or search any further rooms, drawers, etc., of the residence. The only item seized by the agents was the briefcase referenced by defendant as having the relevant financial documents which he had stated he wanted to provide the agents in support of his assertions regarding his finances.

Finally, the court finds that defendant does not dispute being read his <u>Miranda</u> rights by Agent Thomas, to which he acknowledged his understanding prior to his giving consent to search.

Based upon the totality of evidence presented, the court finds that Agent Thomas reasonably concluded that defendant Shafer voluntarily consented to the search of his residence for the limited purpose of obtaining the briefcase containing his financial documents, and consented to the search and seizure of such briefcase. The court finds the totality of evidence indicates defendant's consent to have been voluntary and not merely an acquiesce to an assertion of legal authority.

For the reasons stated above, the court finds that the search of defendant's residence and briefcase was not unconstitutional.

IT IS, THEREFORE, RECOMMENDED that defendant Shafer's motion to suppress evidence be denied [28].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See <u>Nash v. Black</u>, 781 F.2d 665, 667 (8th Cir. 1986) (citing <u>Thomas v. Arn</u>, 474 U.S. 140 (1985)); <u>Messimer v. Lockhart</u>, 702 F.2d 729 (8th Cir. 1983). Failure to make

Case 2:05-cr-04029-NKL   Document 51   Filed 12/30/05   Page 3 of 4

specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 30th day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge