IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 05-4029-01-CR-C- NKL |
| DAVID ELBY SHAFER, ) | |
| Defendant. ) | |

ORDER

Defendant David Elby Shafer ("Shafer") is charged in three separate conspiracy counts of the pending indictment: Count 1, conspiracy to distribute marijuana in excess of 100 kilograms; Count 4, conspiracy to commit money laundering; and, Count 6, conspiracy to distribute cocaine. (Doc. 175, 1). On July 10, 2007, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Shafer's Motion to Suppress [Docs. ## 135, 155]. *See* Report and Recommendation [Doc. # 188]. The parties were advised that they could file written exceptions to the recommendation within ten (10) days pursuant to 28 U.S.C. § 636(b)(1)(C). Shafer filed objections on August 6, 2007.

Having conducted an independent review of the record, the Court concludes that the recommendation of the Magistrate Judge is correct and should be adopted. The Magistrate's Report and Recommendation found that the initial traffic stop of Shafer's

1

automobile was lawful.[1]  After Officer Nix stopped the car being driven by Shafer's wife, Diana, for speeding, Nix thought he smelled the odor of marijuana in the car and noticed that both the Shafers "appeared nervous and the nervousness did not diminish."[2]  (Doc. 188, 2).  Nix ran a check on Shafer's license and discovered several old arrests for assault, weapons offenses and driving while intoxicated.  *Id*.  Both Shafers denied having illegal items in the car and Mrs. Shafer refused Nix's request to search the car.[3]  At this point, Nix "saw [Officer Lambeth's] patrol car with a canine unit passing by."  *Id*. at 3.  After a cursory sweep of the exterior, Officer Lambeth informed Nix that the canine had "alerted for narcotics."  *Id*. at 4.  Based upon the canine alert and Nix's own smell of marijuana, he performed a search of the interior of the vehicle and had Lambeth perform a search of the trunk with the canine.  The canine again alerted for the back seat and trunk of the car.  Nix discovered $56,000 in currency at the bottom of a duffel bag in the trunk of the car.  Shafer stated that the currency was the result of selling items under his attorney's advice in order to "hide the money from the bankruptcy court."  *Id*.  Based upon his experience and Shafer's statements, Nix seized the currency as related to either bankruptcy fraud or drug-related criminal activity.  Mrs. Shafer later stated that she had

---

[1] The Magistrate Judge found the testimony of the arresting officer, Michael Nix of the Texas Department of Safety to be fully credible and consistent with videotape evidence of the traffic stop.  This Court agrees.

[2] Nix clocked Mrs. Shafer traveling at 89 miles per hour in a 70 m.p.h. zone.

[3] "[Nix] asked her if he could look through or search the car and she told him no.  He asked her for permission a couple of times and she said no."  *Id*. at 3.

2

Case 2:05-cr-04029-NKL   Document 250   Filed 03/13/08   Page 2 of 4

smoked some marijuana and the odor could have been retained in the clothes in her bag. *Id.*

Based on the smell in the car, Nix had 1) probable cause and 2) a reasonably articulable suspicion that the Shafers may have possessed marijuana or participated in a drug-related criminal activity. A canine sniff is among the least intrusive means available to complete Nix's investigative detention which was justified by the totality of the circumstances. *See United States v. Place*, 462 U.S. 696, 707 (1983). The canine sniff occurred approximately thirty minutes after the vehicle was stopped for speeding and there is no evidence Nix attempted to unreasonably prolong the detention. *See United States v. Sanchez*, 417 F.3d 971, 975 (8th Cir. 2005). Nix's search of Shafer's vehicle was therefore lawful and based on probable cause.

Shafer also filed a motion for a bill of particulars [Doc. # 134]. On May 24, 2007, the Magistrate Judge issued a report and recommendation finding that the pending indictment provides for the essential elements of the crimes for which Shafer is charged. The indictment is adequate for Shafer to prepare for trial without surprise and to defend each charge sufficiently so as to prevent the Government from attempting a second prosecution for the same offense. Fed. R. Crim. P. 7(f); *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002). In addition, the elements of each count against Shafer requires proof of at least one separate element not required by the others. Therefore, the indictment is not multiplicitous. Shafer filed no objections to the magistrate judge's recommendation on this issue and it will be adopted.

Accordingly, it is

ORDERED that Judge Knox's Reports and Recommendations [Docs. ## 175, 188], are ADOPTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 13, 2008
Jefferson City, Missouri