# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DAVID ELBY SHAFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-4256-CV-C-NKL |
| ) | Crim. No. 05-4029-01-CR-C-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER**

Before the Court is David Elby Shafer's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Court denies the motion.

**I.    Background**

On May 13, 2005, a federal grand jury returned an indictment charging Shafer with four counts: (1) conspiracy to distribute and possess with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) possession with the intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1); (3) interstate transportation in aid of racketeering – that is, the distribution and possession of marijuana – in violation of 18 U.S.C. § 1952(a); and (4) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

Shafer was arrested in the Southern District of Texas, and on June 10, 2005, the case was referred to Magistrate Judge William A. Knox of the Western District of Missouri. The case was initially set on the September 12, 2005 trial docket. Albert Pena was Shafer's retained counsel. On August 23, 2005, Randall Waltz entered his appearance as local counsel for Shafer. Shafer filed a waiver of speedy trial on August 30, 2005.

On September 8, 2005, Shafer filed a motion for reconsideration of denial of bail. Bail had originally been denied by Southern District of Texas Magistrate Judge Brian L. Owsley after a detention hearing on June 16, 2005. Judge Knox denied Shafer's motion for reconsideration on October 25, 2005.

On September 14, 2005, Shafer filed a motion to suppress evidence and to quash the arrest warrant. A hearing on the motion to suppress and quash was scheduled for October 25, 2005, but Shafer filed a continuance motion on October 20, 2005, after his lead counsel suffered a cardiac incident. The suppression hearing was then re-scheduled for December 19, 2005. On December 30, 2005, Judge Knox issued a report and recommendation denying Shafer's motion, and on February 28, 2006, this Court adopted the report and recommendation.

On March 8, 2006, Shafer's counsel filed another continuance motion. The Court granted Shafer's continuance motion, and set the trial for May 22, 2006. On April 14, 2006, attorneys Albert Pena and Randall Waltz filed their motion to withdraw as defense counsel. On May 10, 2006, Judge Knox conducted a hearing and granted the motion to withdraw.

During that hearing, Shafer moved to have his case continued from the May trial docket. His motion was granted, and the trial was scheduled for June 19, 2006. The Court then appointed Christopher Slusher as Shafer's defense counsel.

On June 6 and 21, 2006, Shafer filed additional motions to continue, which were granted by the court. The new trial date was set for December 11, 2006.

On September 28, 2006, Shafer filed a pro se motion to appoint new counsel. During a hearing on October 17, 2006, Shafer made an oral motion to withdraw his motion for new counsel, along with another continuance motion. The new trial date was set for March 19, 2007.

On November 6, 2006, a superseding indictment was returned, charging Shafer with the same original charges and adding two additional counts. Count 5 charged Shafer with engaging in a monetary transaction affecting interstate commerce – specifically, a $13,800 cash purchase of an automobile, in violation of 18 U.S.C. § 1957. Count 6 charged Shafer with conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

On December 29, 2006, Mary Ruth O'Neill was appointed as Shafer's new counsel, as a result of conflicts between Shafer and his prior counsel. On February 26, 2007, Shafer was arraigned on the superseding indictment. At that arraignment, Shafer moved to continue the trial date. Judge Knox granted Shafer's motion, and the trial was scheduled for July 29, 2007.

On March 20, 2007, Shafer filed various motions: for a bill of particulars, to suppress evidence, for production of transcripts, and regarding privilege. After the Government filed its responses, Shafer filed an "Agreed Motion to Hold Defense Motion to Suppress in Abeyance," which was granted on April 18, 2007. On May 24, 2007, Judge Knox denied Shafer's motions for a bill of particulars and for production of transcripts.

On April 25, 2007, Shafer filed a pro se motion to continue trial, and a supplemental motion to suppress evidence on April 26, 2007. Shafer filed a motion to appoint new counsel on May 16, 2007. On May 18, 2007, he filed motions for a change of venue, on Rule 404(b) evidence, to compel disclosure of information, and to dismiss for lack of jurisdiction. On June 27, 2007, Shafer again moved to have his trial date continued.

On April 3, 2007, Shafer filed a civil complaint against the United States Marshals Service, the Warren County Jail and the Callaway County Jail. There, Shafer asserted that he had been denied due process regarding medical treatment while confined in the Warren and Callaway County Jails. On September 19, 2007, District Court Judge Scott O. Wright adopted Judge Knox's report and recommendation dismissing Shafer's civil complaint for failure to state a claim upon which relief could be granted. *See Shafer v. U.S. Marshals Service*, Case No. 07-4071-CV-C-SOW, 2007 WL 2768348, *1 (W.D. Mo. Sept. 19, 2007).

On June 27, 2007, Judge Knox conducted a hearing and issued an order denying Shafer's motion for change of venue and motion for review of release conditions. Judge Knox issued his report and recommendation to deny Shafer's second motion to suppress

evidence on July 10, 2007. The Court granted Shafer additional time to object to the report and recommendation, and on August 6, 2007, Shafer's counsel, Ruth O'Neill, filed objections. This Court adopted Judge Knox's report and recommendation, and denied Shafer's second motion to suppress evidence.

On August 13, 2007, Shafer filed a motion for appointment of new counsel, and the court held a hearing on August 30, 2007. The court denied Shafer's motion for new counsel but granted his motion to continue the trial and set the case for trial on October 22, 2007.

On August 31, 2007, Shafer filed another civil complaint against the Warren County Jail, where he was being held pending trial. Shafer asserted that he had been denied due process while confined in the Warren County Jail. On January 14, 2008, this Court adopted Judge Knox's report and recommendation regarding Shafer's civil complaint and dismissed the allegations. The report and recommendation had found that "Plaintiff is a frequent filer of prisoner complaints and has had three or more complaints and/or portions of his complaint dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted." *See Shafer v. Warren County Jail*, No. 07-4173-CV-C-NKL, 2008 WL 151348, *1, *2 (W.D. Mo. Jan. 14, 2008) (citations omitted).

On October 8, 2007, Shafer filed a motion to compel, asking for presentence investigation and other statements by potential Government witnesses. On October 15, 2007, the Government filed its trial documents. On October 18, 2007, Judge Knox issued an order on Shafer's motion to compel, granting a portion of his request. Judge Knox also conducted

5

a de novo review of the pre-sentence investigation ("PSI") reports files for Government trial witnesses Paul Cook, Andres Trenco, Robert Wayne Hawkins, and Jonathan Verdejo-Rocha. It was found that any statements made by these witnesses were in the discovery file and had previously been made available to Shafer. Judge Knox did find that if Cook were called to testify, his statement should be made available to Shafer for possible impeachment, unless the trial court concludes it is not relevant for impeachment purposes.

On October 19, 2007, Judge Knox ordered Shafer committed to the custody of the Attorney General and United States Marshals Service for a psychiatric examination to assess his competency to assist in his defense. The psychiatric report was received on February 5, 2008. On February 19, 2008, Judge Knox found Shafer competent to stand trial.

In February of 2008, Shafer filed motions to dismiss the indictment, to dismiss for lack of jurisdiction, for discovery, for proof of claim, for a writ of habeas corpus ad subjuciendum, to appoint new counsel, for order to transfer, and for a hearing on self-representation. On March 5, 2008, Judge Knox ordered Shafer transferred to a confinement location in central Missouri to prepare for trial.

On March 13, 2008, this Court adopted the reports and recommendations denying Shafer's motions to suppress evidence and for a bill of particulars. At that time, the Court noted that "the elements of each count against Shafer requires proof of at least one separate element not required by the others. Therefore, the indictment is not multiplicitous." [Crim. Doc. # 250 at 3.]

In late March 2008, Shafer submitted a waiver of counsel and motions to continue, to appoint new counsel, and for copies of transcripts. On April 10, 2008, Judge Knox entered a report and recommendation to deny Shafer's motion to postpone to allow time for filing a writ of mandamus. Judge Knox granted in part and denied in part the motion for copies and denied the motion to appoint new counsel. On April 28, 2008, in adopting Judge Knox's report and recommendation, the Court noted:

> Since his indictment on May 13, 2005, Shafer has kept this Court occupied with many baseless motions. The Court has undertaken a de novo review of Shafer's current motions and concludes that they include similar, baseless allegations and repetitious requests. Shafer has been given copies of the relevant transcripts; his mandamus action is frivolous; there is no reason to appoint counsel for Shafer's appeal before there is any factual or legal decision to appeal; and, there is no "deficiency" in these proceedings to warrant any relief to Shafer.

[Crim. Doc. # 278.]

On April 8, 2008, the pretrial conference took place. Shafer announced that he would represent himself at the trial so attorney Ruth O'Neill acted as Shafer's standby counsel. Shafer again made an oral motion to continue his trial, which was granted. Trial was set for June 16, 2008.

On June 3, 2008, Judge Knox issued a report and recommendation regarding Shafer's motion to dismiss for lack of jurisdiction, which had been filed on May 7, 2008. Shafer filed his objections to the report and recommendation on June 12. The next day, this Court

adopted the report and recommendation, noting: "The Court has undertaken a de novo review of Shafer's remaining motions and concludes that they include similar, baseless allegations and repetitious requests." [Crim. Doc. # 295.]

On June 16, 2008, the jury trial began. Shafer represented himself until mid-way through the testimony of the first Government witness. After the Court overruled a number of Shafer's objections, he stated:

> Your Honor, I'd like to turn this over to Ruth O'Neill. I just can't do this. I can't question these witnesses. I'm too aggravated already.
> . . .
> (Counsel and Defendant Shafer approached the bench and the following proceedings were had:)
> THE COURT: I want you to understand, Mr. Shafer, that if you relinquish your right now to represent yourself, then she's going to take it over. Is that what you're saying you want?
> DEFENDANT DAVID SHAFER: Yes, ma'am.

[Doc. # 356 at 73.] At that point, standby counsel Ruth O'Neill stepped in to represent Shafer.

Shafer's motions for judgment of acquittal at the close of the Government's evidence and at the close of all evidence were denied. On the third day of trial, Shafer's counsel again moved for a brief continuance to further investigate a witness, but that motion was denied. On June 18, 2008, the jury returned guilty verdicts on Counts 1 through 6.

Shafer's sentencing hearing was held on May 21, 2009, after a PSI report was completed by the United States Probation Office. Shafer was sentenced to 180 months on

Count 1, 60 months on Counts 2 and 3, 180 months on Counts 4 and 6, and 120 months on Count 5, with all sentences to run concurrently.

On June 1, 2009, Shafer filed a timely notice of appeal. After oral arguments, the Eighth Circuit affirmed Shafer's sentence on June 24, 2010.

On November 29, 2010, Shafer timely filed this Section 2255 motion.

## II. Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *See Payne v. United States*, 78 F.3d 343 (8th Cir. 1996). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id*. Moreover, a district court need not hold an evidentiary hearing in a Section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Shafer's claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

## III. Discussion

In his Section 2255 motion, Shafer asserts four separate grounds for relief. First, Shafer argues that he was denied his pretrial rights because he was denied bail, was mistreated while awaiting his trial, and was denied the right to a speedy trial. Second, Shafer argues that he received ineffective assistance of counsel. Third, he argues that there was

prosecutorial misconduct. Finally, Shafer argues that he was forced into an unfair and unconstitutional trial.

A motion under Section 2255 – "the statutory analogue of habeas corpus for persons in federal custody" – is not the equivalent of a direct appeal and is not the proper way to complain about simple trial errors. *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987) (citation omitted). The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962).

Thus, relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). "A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). In addition, the movant may not raise constitutional issues for the first time on collateral review without establishing both (1) cause for the procedural default and (2) actual prejudice resulting from the error. *Apfel*, 97 F.3d at 1076 (citation omitted).

### A. Denial of Pretrial Rights

#### 1. Denial of Bail

Shafer argues that he was "denied bail for no reason." [Doc. # 1 at 4.] Shafer does not argue that his pretrial detention hearing was untimely. Rather, the crux of his argument appears substantive: while other defendants were released on bond to prepare for trial, he was not.

Bail was originally denied by the magistrate judge in Texas, and Judge Knox twice denied Shafer's motions to reconsider the denial of bail. On three occasions, therefore, magistrate judges have determined that Shafer could not rebut the presumption of dangerousness or the risk of nonappearance. Shafer states no facts that would lead the Court to question those two judges' decisions.

Finally, Shafer does not show cause why this issue was not raised on appeal.

#### 2. Alleged Mistreatment

Under his first ground for relief, Shafer also states, for example, "I was held under harsh conditions, locked down in cells, denied unfettered access to an adiquit [sic] law library, denied fresh air, routinely transferred from facility to facility," etc. [Doc. # 1 at 5.]

Shafer twice filed civil complaints under 18 U.S.C. § 1983 against the United States Marshals Service, the Warren County Jail, and the Callaway County Jail. Both times his complaints were dismissed. On the second occasion, it was noted that "Plaintiff is a frequent filer of prisoner complaints and has had three or more complaints and/or portions of his

11

complaint dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted." *Shafer v. Warren County Jail*, 2008 WL 151348 at *2 (citations omitted). Therefore, the record reflects that these allegations have already been rejected.

Even if Shafer succeeded in alleging credible instances of mistreatment, such conduct would be properly addressed through Section 1983 rather than Section 2255, as Shafer has failed to show how his treatment while awaiting trial could have prejudiced his conviction and sentencing. As discussed below, Shafer has failed to state facts that would show inadequate assistance of counsel. Shafer's theory that he would not have been convicted if he had been able to better prepare for trial – or to hire a different attorney – does not withstand scrutiny.

Finally, if this issue was related to his conviction, Shafer does not show cause why this issue was not raised on appeal.

### 3. Right to a Speedy Trial

Shafer also argues under "Ground One" that he was denied his right to a speedy trial. He explains: "Twice I was more or less tricked into wa[i]ving my speedy trial right." [Doc. # 1 at 5.] Shafer writes:

> Is it my responsibility to take myself to trial? The only answer is no, it is not. The Government says that it took three years to go to trial because Shafer filed 15 Motions for continuance. So what if I had filed 30? Would the Government have waited six years? . . . Why would a Motion for a continuance matter? The Court and the Government failed their responsibility.

*Id.* at 17.

12

The record clearly shows that Shafer, and not the Government, was responsible for the continuous delays before trial. In addition to requesting multiple continuances, twice waiving his right to a speedy trial, and firing two of his four attorneys, for three years Shafer also "kept this Court occupied with many baseless motions." [Crim. Doc. # 278.] Having caused the delays that he now complains of, Shafer fails to show that the Government denied his right to a speedy trial.

Finally, Shafer does not show cause why this issue was not raised on appeal. When he did appear before the Eighth Circuit, rather than complain of a violation of his right to a speedy trial, Shafer argued that this Court had erred by denying one of his many motions for a continuance. *United States v. Shafer*, 608 F.3d 1056, 1066 (8th Cir. 2010).

### B. Ineffective Assistance of Counsel

Shafer also contends that he was provided ineffective assistance of counsel. Shafer opted to assist in his own defense, and was allowed to do so after a psychiatric examination. Shafer cycled through four attorneys during the course of his case, and at trial Ruth O'Neill served as Shafer's standby counsel.

The Government argues that Shafer waived his right to counsel by opting to represent himself. The Government cites *McKaskle v. Wiggins*, which explained that the Sixth Amendment's Counsel Clause "implies a right in the defendant to conduct his own defense, with *assistance* at what, after all, is his, not counsel's trial." 465 U.S. 168, 174 (1984). *McKaskle* does not stand for the proposition that a defendant exercising his right to self-

representation thereby waives his right to the assistance of counsel under the Sixth Amendment. While a defendant who exercises his right to appear pro se "cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel," Shafer does not make such an argument here. *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975). Instead he complains of the quality of his standby counsel.

Though Shafer did not waive his Sixth Amendment right to assistance of counsel, a movant claiming Sixth Amendment ineffective assistance of counsel faces a heavy burden. *Apfel*, 97 F.3d at 1076.

> A claim of ineffective assistance of counsel [under § 2255] must be scrutinized under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland,* in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case. The first part of the test is met when the defendant shows that counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances. The second part is met when the defendant shows that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)).

Under the first prong of *Strickland*, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. Under *Strickland*'s second prong, the defendant also bears the burden of proving that the ineffective performance prejudiced his defense. *French v. United States*, 76 F.3d 186,

14

188 (8th Cir. 1996). Such a showing requires proof of a reasonable probability that the result would have been different but for counsel's deficient performance. *Id*. "A 'reasonable probability' is one which is 'sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

Here, Shafer argues that "all judges involved in this case know beyond any doubt that trial counsel was not competent." [Doc. # 1 at 6.] Assuming Shafer is referring to standby counsel, that claim is simply baseless. Shafer writes:

> Counsel knew the trial was not about proving innocence, but about being treated fairly by showing the Government manufactured 5 of 6 charges and knowingly allowed their witnesses to lie, to show the charges were multiplicitous, counsel knew there was never any cocaine or a cocaine deal.

*Id*.

The crux of Shafer's complaints about his standby counsel's performance – and indeed about the handling of his case in general – is that he faced multiplicitous charges. Shafer writes that he "accept[s] responsibility for two counts," yet he "feel[s] like it should be one charge of conspiracy to distribute marijuana, money laundering being incidental to that crime." [Doc. # 10 at 14.] Yet the Court has already concluded that "the elements of each count against Shafer requires proof of at least one separate element not required by the others. Therefore, the indictment is not multiplicitous." [Crim. Doc. # 250 at 3.]

To the extent that Shafer faults his attorney for failing to strike a plea agreement, Shafer also writes that the "Government was not interested in a plea deal that did not

involve cooperation." [Doc. # 10 at 14.] Shafer does not state any facts that would indicate that his attorney failed to pursue or accept a deal that would have been acceptable to both him and the Government.

Considering the conclusory nature of Shafer's criticisms of his counsel – along with the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance – Shafer has failed to show that his counsel's performance was deficient.

Even if Shafer could show that his counsel's performance was deficient, he could not show a reasonable probability that the result would have been different but for such deficient performance. In *McKaskle* the Supreme Court also recognized that "the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant . . . ." 465 U.S. at 178 n.8. Considering that Shafer opted to give his own opening statement – a decision he now seems to recognize was a mistake – there is no reason to believe that he would not have been convicted but for his standby counsel's performance. [Doc. # 1 at 7.] Shafer has pointed to no error by standby counsel sufficiently substantial to have altered the course of the trial

For the reasons stated above, Shafer has failed to show that he was provided ineffective assistance of counsel.

### C. Prosecutorial Misconduct

16

Next, Shafer states his belief that the prosecutor used lies, trickery, and deceit to obtain his indictment and conviction. Shafer explains:

> [Prosecutor] Gonzalez manufactured a cocaine conspiracy with me as the only conspirator. Gonzalez did not prosecute the suppliers in Texas and he knew who they were, or the distributor in Missouri . . . but selected me the delivery boy. . . . Because Prosecutor Gonzalez so believed his snitch[e]s, he thought he was getting a big fish, when he found out all he had was a tadpole.

[Doc. # 1 at 10.] Shafer complains that some of his co-conspirators were not prosecuted and that others that pleaded guilty were sentenced to less time in jail.

Even if Shafer is just a "tadpole" or just "the delivery boy," that is inadequate grounds to overturn his drug conspiracy conviction and sentencing under Section 2255. The Government has considerable discretion in deciding whom to prosecute as well as in making an offer for a potential plea bargain. These allegations fall short of prosecutorial misconduct.

Shafer also makes conclusory statements alleging that the Government harassed witnesses, apparently so that they would tell lies against him. Claims challenging the sufficiency of the evidence are not cognizable in a Section 2255 motion. *Houser v. United States*, 508 F.2d 509, 516 (8th Cir. 1974). Nor can petitioner raise a nonconstitutional or nonjurisdictional issue in a Section 2255 motion if the issue could have been raised on direct appeal but was not. *Anderson*, 25 F.3d at 706. In addition, the movant may not raise constitutional issues for the first time on collateral review without establishing both (1) cause for the procedural default and (2) actual prejudice resulting

from the error. *Apfel*, 97 F.3d at 1076 (citation omitted). The very purpose of a trial is to determine who is telling the truth. Any evidence that witnesses have been improperly influenced, by the government or otherwise, must be addressed at trial and on appeal, absent evidence that the issue could not be raised there. Because Shafer fails to explain why his prosecutorial misconduct arguments could not have been raised at trial or on appeal, he cannot properly raise this claim in a 2255 motion.

D. **Unfair Trial**

After rehashing the multiplicity argument that the Court has already rejected – while admitting "I was in a pot conspiracy that[']s all" – Shafer complains that he was subjected to an "unfair and unconstitutional trial." [Doc. # 1 at 12.] Much of Shafer's "Ground Four" simply repeats his previous claims:

> I was forced into trial without competent counsel, I did not understand fed law, I did not understand the jury instructions . . . . I do not know how to write or speak an opening statement, I complained about evidence and witnesses for years before trial, I was prejudiced by counsel and the Court by being denied the right to impeach witnesses . . . .

[Doc. # 1 at 12.]

As has already been mentioned, a defendant who exercises his right to appear pro se cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel – which is what Shafer seems to imply here. *Faretta*, 422 U.S. at 834 n. 46. Following a psychiatric examination, Shafer was allowed to represent himself at trial:

> THE COURT: . . . Mr. Shafer, you're going to represent yourself, is that correct?
>
> MR. SHAFER: Yes, sir, Your Honor.

[Doc. # 362 at 2.] Shafer's complaint that he did not know how to make an opening statement or was unable to rebut witness testimony reflects only on his choice to represent himself. To the extent that Shafer blames his standby counsel for her decisions at trial, Shafer's ineffective assistance of counsel arguments have been addressed above.

## IV. Certificate of Appealability

A certificate of appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Shafer has not made a substantial showing of the denial of a constitutional right. Therefore, the Court does not issue a certificate of appealability here.

## III. Conclusion

Accordingly, it is hereby ORDERED that David Elby Shafer's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED and a certificate of appealability is not issued.

        s/ Nanette K. Laughrey
        NANETTE K. LAUGHREY
        United States District Judge

Dated: April 11, 2011
Jefferson City, Missouri